# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# CINCINNATI DIVISION

| | | |
|---|---|---|
| PHILLIP HUDDY, | ) | CASE NO 1:18-CV-00470-SJD |
| | ) | |
| Plaintiff, | ) | **JUDGE SUSAN J. DLOTT** |
| | ) | |
| vs. | ) | **STIPULATED PROTECTIVE ORDER** |
| | ) | |
| USAA SAVINGS BANK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is **ORDERED**:

1. **Scope**. All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "<u>documents</u>"), shall be subject to this Order concerning confidential information as set forth below. The Order is subject to the Local Rules of this Court and the Federal Rules of Civil Procedure on matters of procedure.

2. **Form and Timing of Designation**. A party or third-party producing documents or information may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL designation. Documents shall be designated CONFIDENTIAL prior to or at the time of the production or disclosure of the documents. A party or third-party producing documents may remedy an inadvertent failure to identify documents as CONFIDENTIAL by

supplemental written notice within a reasonable time after production by submitting to the receiving party properly marked documents or copies thereof, for which there was an inadvertent failure to identify the documents as CONFIDENTIAL. The designation "CONFIDENTIAL" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. A party which, prior to this Court's entry of this Order, has previously produced documents in the course of discovery which would properly be designated as CONFIDENTIAL pursuant to the terms of this Order shall be permitted a period of ten (10) calendar days from entry of this Order to re-designate any documents previously produced. In such circumstances, the designating party shall provide written notice to the other party of such documentation, and shall provide new copies of the documents to be designated in accordance with the terms of this Order.

3. **Documents Which May Be Designated CONFIDENTIAL.** Any party or third-party producing documents may designate them as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical, or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL.

4. **Depositions.** Portions of depositions shall be deemed CONFIDENTIAL only if designated as such when the deposition is taken or within seven business days after receipt of the transcript. Such designation shall be specific as to the portions to be protected.

5. **Protection of Confidential Material**.

(a) **General Protections**. Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶¶ 5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

(b) **Limited Third-Party Disclosures of Confidential Documents**. The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents to any person or entity except as set forth in subparagraphs (i) – (v) below. Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

(i) **Counsel**. Counsel for the parties and employees and those agents of counsel who have responsibility for the preparation and trial of the action, including, but not limited to, any in-house counsel for a party who has responsibility for the action;

(ii) **Parties**. Parties and employees or a spouse of a party to this Order who are involved in the preparation and trial of this action;

(iii) **The Court.** Any personnel from a court having jurisdiction over this action or over witnesses involved in this action;

(iv) **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions;

(v) **Consultants, Investigators, and Experts**. Consultants, investigators, or experts (collectively, "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action, but only

3

after the experts complete a form of the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to be Bound;

(vi) **Copying services**; and

(vii) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute a form of the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to be Bound.

(c) **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for at least one year after dismissal of this action, entry of final judgment and the conclusion of any appeals arising therefrom.

(d) **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries, or descriptions (collectively, "copies") of documents designated as CONFIDENTIAL under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. "Copies" shall not include indices, electronic databases, or lists of documents provided that they do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

4

6. **Filing of CONFIDENTIAL Documents Under Seal.** To the extent that a brief, memorandum, or pleading references any document marked as CONFIDENTIAL, then the brief, memorandum, or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.

(a) Before any document marked as CONFIDENTIAL is filed under seal with the Clerk, the filing party may first consult with the party or third-party that originally designated the document as CONFIDENTIAL to determine whether, with the consent of that party or third-party, the document or a redacted version of the document may be filed with the Court not under seal.

(b) Before a CONFIDENTIAL document is filed with the Court, or if a party seeks a prior agreement and such is not possible or adequate, the party seeking to file the document shall, in accordance with S.D. Ohio Civ. R. 5.2.1(a), seek leave from the Court to file the document under seal, and upon obtaining leave from the Court, file the document electronically using the Court's ECF system as provided in S.D. Ohio Civ. R. 5.1.

(c) To the extent that it is necessary for a party to discuss the contents of any confidential information in a written pleading, counsel shall prepare two versions of the pleadings, a public version and a confidential version. The public version shall contain a redaction of references to CONFIDENTIAL documents. The confidential version shall be a full and complete version of the pleading and shall be filed with the Clerk under seal, once leave from the Court has been obtained in the manner set forth in Subparagraph 6(b) above.

7. **Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL designation is subject to challenge by any party or non-party with standing to object. Before filing

any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL designation as to any documents or testimony subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement. If any party disputes the other party's designation of a document as confidential, the burden of proof resides with the party asserting confidentiality to prove that it deserves such treatment.

8. **Action by the Court**. Applications to the Court for an order relating to any documents designated CONFIDENTIAL shall be by motion and any other procedures set forth in the Court's standing orders or other relevant orders. To the extent such a motion is made regarding materials produced by a third-party, the third-party shall be provided with reasonable notice and an opportunity to be heard. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

9. **Use of Confidential Documents or Information at Trial**. All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL documents or information derived therefrom, such party shall provide advance notice to the other party or the third-party producing said CONFIDENTIAL records at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

10. **Obligations on Conclusion of Litigation**.

(a) **Order Remains in Effect**. Unless otherwise agreed by the parties or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Return of Confidential Documents**. Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL under this Order, including copies as defined in ¶ 5(d), shall be returned to the producing party if the producing party requests them, in writing, unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; (3) the documents are pleadings, attachments to pleadings or deposition transcripts or exhibits or (4) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL documents.

(c) **Return of Documents Filed under Seal**. After dismissal or entry of final judgment not subject to further appeal, the Court may return to counsel for the parties or,

after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

11. **Inadvertent Production of Privileged Material**. Any inadvertent production of documents otherwise subject to the attorney work product doctrine or the attorney-client communication privilege ("Privileged Material") shall not on its own constitute a waiver of such immunity or privilege. The receiving party is obligated to notify the producing party in writing via facsimile or electronic mail, with confirmation by mail, of the receipt of documents that the receiving party reasonably believes may be Privileged Material. Such notification shall be provided within ten days of discovering such documents may be Privileged Material. The producing party then has ten days after receipt of such notification to request the return of such documents in writing via facsimile, certified mail or electronic mail. Failure to request the return of such documents in the aforementioned manner and time period may result in a waiver of the immunity or privilege. The parties agree to return any Privileged Material inadvertently produced within ten (10) days of receiving a timely request from the producing party to return the Privileged Material. The receiving party shall not maintain any copies of any Privileged Material returned pursuant to this Order.

12. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

13. **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL by counsel or the parties is subject to protection under

Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

14. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel, the parties, and persons made subject to this Order by its terms.

*So Ordered.*

Dated: 8/31/18

_____
~~JUDGE SUSAN J. DLOTT~~

**WE SO STIPULATE
and agree to abide by the
terms of this Order**

Respectfully submitted,

s/ David M. Krueger
_____

DAVID M. KRUEGER (0085072)
NORA K. COOK (0086399)
**BENESCH FRIEDLANDER
COPLAN & ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone: (216) 363-4500
Facsimile: (216) 363-4588
E-mail: dkrueger@beneschlaw.com
ncook@beneschlaw.com
*Attorneys for Defendant USAA Savings Bank*

**WE SO STIPULATE
and agree to abide by the
terms of this Order**

/s/ Carlos C. Alsina-Batista

CARLOS C. ALSINA
Admitted *Pro Hac Vice*
**The Law Offices of Jeffrey Lohman, P.C.**
4740 Green River Rd., Suite 310
Corona, CA 92880
Tel. 657-363-3331
Facsimile 657-246-1311
Email: carlosa@jlohman.com
*Attorney for Plaintiff Phillip Huddy*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# CINCINNATI DIVISION

| | | |
|---|---|---|
| PHILLIP HUDDY, | ) | CASE NO 1:18-CV-00470-SJD |
| Plaintiff, | ) ) | **JUDGE SUSAN J. DLOTT** |
| vs. | ) ) | |
| USAA SAVINGS BANK, | ) ) ) | **ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND** |
| Defendant. | ) ) | |

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order dated _____, in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the U.S. District Court for the Southern District of Ohio for matters relating to the Stipulated Protective Order and understands that the terms of the Stipulated Protective Order obligate him/her to use documents designated CONFIDENTIAL in accordance with the Stipulated Protective Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived therefrom to any other person, firm, or concern. The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties for contempt of court.

Name: _____

Job Title/Employer: _____

Date:_____ _____
                          Signature